UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-22450-CV-COOKE
MAGISTRATE JUDGE REID

LITORRENCE GEE ALLEN,

      Plaintiff,

v.

MIAMI-DADE COUNTY CORR.
AND REHABILITATION, et al.

      Defendants.

_____/

## REPORT OF MAGISTRATE JUDGE

### I.    Introduction

This Cause is before the Court upon *pro se* Plaintiff's Amended Complaint filed pursuant to 42 U.S.C. § 1983, detailing a stabbing incident which occurred when he was incarcerated at Miami-Dade Pretrial Detention Center. [ECF No. 7]. The Court granted Plaintiff leave to proceed *in forma pauperis* and established a debt for the $350.00 filing fee. [ECF No. 5].

This case has been referred to the Undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive motions. *See* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b), and S.D. Fla. Admin. Order 2019-2. [ECF No. 2].

For the reasons stated below, the Amended Complaint [ECF No. 7] should be **DISMISSED** for failure to state a claim, because it is a shotgun pleading, and because it is otherwise futile to amend.

## I.    Standard of Review

### A.   Applicable Law for Screening

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show that he was deprived of a federal right by a person acting under color of state law. *See Griffin v. City of Opa Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001) (citation omitted). Under both 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A, a complaint must be dismissed if the Court determines that the complaint fails to state a claim upon which relief can be granted. *See Wright v. Miranda*, 740 F. App'x 692, 694 (11th Cir. 2018). In reviewing the complaint under § 1915(e), the court takes the allegations as true and construes them in the most favorable light. *See Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003).

The same standard is used for dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and § 1915(e)(2)(B)(ii). *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). Thus, the Court must dismiss a complaint that fails "[t]o state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). "To "[a]void dismissal for failure to state a claim, a complaint must contain factual allegations that, when accepted as true, allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Wright*, 470 F. App'x at 694 (citing *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017) (*per curiam*)).

Complaints filed by *pro se* prisoners are held to "[l]ess stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (*per curiam*). When read liberally, a *pro se* pleading "should be interpreted 'to raise the strongest arguments that [it] suggest[s].'" *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994). However, although a *pro se* pleading is liberally construed, it still

must contain factual support for a claim. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

Additionally, each separate claim should be presented in a separate numbered paragraph, with each paragraph "[l]imited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Finally, under § 1915(e)(2)(B)(ii), courts must dismiss as frivolous claims that are "[b]ased on an indisputably meritless legal theory…" or "[w]hose factual contentions are clearly baseless." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

### B.   Shotgun Pleadings

The leniency afforded to *pro se* litigants does not permit them to file an impermissible "shotgun" pleading. The Eleventh Circuit has identified four rough types or categories of shotgun pleadings. *See Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (citations omitted).

The most common type of shotgun pleading is a "complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id*. The next most common type is a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* The third type of shotgun pleading is one that does not separate into a different count each cause of action or claim for relief. *See id.* Fourth, and finally, there is the relatively rare shotgun pleading that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions or which of the defendants the claim is brought against. *See id.*

"The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* The Eleventh Circuit has repeatedly condemned the use of shotgun pleadings for "imped[ing] the administration of the district courts' civil docket." *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n.4 (11th Cir. 2010).

Indeed, shotgun pleadings require the court to sift through rambling and often incomprehensible allegations in an attempt to separate the meritorious claims from the unmeritorious, resulting in a "massive waste of judicial and private resources." *Id.* (citation omitted). The Eleventh Circuit has established that shotgun pleading is an unacceptable form of establishing a claim for relief. *See Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1296 (11th Cir. 2002).

## II.    Discussion

### A.  Facts of the Amended Complaint

Plaintiff filed his initial Complaint which failed to comport with the Rules governing these proceedings and was otherwise defective. [ECF No. 1]. The Court ordered Plaintiff to amend to correct certain deficiencies and included an advisory on vicarious liability and respondeat superior claims. [ECF No. 6]. Plaintiff filed this Amended Complaint against Miami-Dade Corrections and Rehabilitation (MDCR) and Officers Friday and Revail, all in their official capacities. [ECF No. 7 at 2].

Plaintiff claims that while housed at the pretrial detention center, on February 5, 2018, at approximately 7:07 (no a.m. or p.m. designation), a fellow detainee, "E. Brown," stabbed him with a "makeshift knife." [*Id.* at 5]. Plaintiff claims that another fellow inmate was also stabbed by

Brown, but it is unclear whether this was on the same day or part of the same incident. [*Id*. at 6]. Plaintiff claims that Officer Friday "saw the whole incident" but did not intervene. [*Id*.]. As a result, Plaintiff received stab wounds to his right hand, the right side of his face, and several more to the left side of his head. [*Id*. at 7].

Plaintiff alleges that the officers failed "to search high-profile safety cell inmates leaving their housing area before placing them in a rec[reation] yard with other inmates." [*Id*. at 4]. He claims Defendants failed to conduct a procedural search of Brown for weapons, like a knife. [*Id*. at 6]. Plaintiff claims this incident amounts to "negligence" as well as an Eighth Amendment violation. [*Id*. at 4]. In terms of relief, Plaintiff seeks $159,000 in compensatory damages and punitive damages from the Defendants. [*Id*. at 6].

### B.  Failure to Protect

For a prison or jail official to be constitutionally liable for failure to protect the safety of an inmate, two requirements must be met. First, the deprivation alleged must be, objectively, "sufficiently serious." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *see also Hudson v. McMillian*, 503 U.S. 1 (1992). Thus, for a claim based on an alleged failure to prevent harm, an inmate must show that he is or was incarcerated under conditions that pose a substantial risk of serious harm. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "[T]he protection [an inmate] is afforded against other inmates" is a "condition of confinement" subject to scrutiny under the Eighth Amendment. *Wilson*, 501 U.S. at 303.

Second, the prison official who ignores a substantial risk of serious harm to an inmate must have a "sufficiently culpable state of mind," *Farmer,* 511 U.S. at 834. In cases predicated on prison conditions, that state of mind is one of "deliberate indifference" to the inmate's health or safety. *See Wilson*, 501 U.S. at 302-03; *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

Traditionally, applicable authorities have described "deliberate indifference" as a state of mind more blameworthy than mere negligence or even gross negligence, *See Davidson v. Cannon*, 474 U.S. 344 (1976), and as something more than a lack of ordinary due care for a prisoner's safety. *See also Whitley v. Albers*, 475 U.S. 312 (1986). Thus, in order to state a claim of cruel and unusual punishment, courts have required that a prisoner must allege a conscious or callous indifference to his rights by prison officials. *See Davidson, supra*; *see also Brown v. Hughes*, 894 F.2d 1533, 1537-38 (11th Cir. 1990); *see also Washington v. Dugger*, 860 F.2d 1018, 1021 (11th Cir. 1988); *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir. 1982).

Only such a degree of disregard for the prisoner's rights, which offends evolving contemporary standards of decency and is repugnant to the conscience of mankind, separates official conduct that is actionable under Section 1983 from simple negligence, which is not. When the plaintiff fails to allege and show proof of such an abuse, what may be an ordinary tort does not rise to the level of a constitutional violation actionable under Section 1983. *See Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *see also Estelle*, 429 U.S. at 106.

The Supreme Court emphasized that Eighth Amendment liability requires a showing that the responsible official was subjectively conscious of risk to the inmate:

> We hold...that a prison official cannot be liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to an inmate's health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 837; *see also, LaMarca v. Turner*, 995 F.2d 1535, 1536 (11th Cir. 1993).

Thus, there must be an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation. *See Zatler v. Wainwright*, 802 F.2d at 401;

6

*see also LaMarca*, 995 F.2d at 1536. The defendant prison official must, however, ignore a substantial risk of serious harm to the inmate.

Here, although Plaintiff alleges details of his injuries and names his attacker, he provides no facts to establish that the Defendants had subjective knowledge that a substantial risk of harm existed. His claim that Officer Friday saw the incident, without more, amounts to little more than a shotgun pleading. Ultimately, his claims are threadbare against the Defendants. Even most liberally construed, Plaintiff's claims, at most, may be allegations of negligence.

Accordingly, Plaintiff's claims for failure to protect against the officers, should be **DISMISSED** for failure to state a claim.

### C.  Negligence

Similar to the above, a prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment if he is deliberately indifferent to a substantial risk of serious harm to an inmate who suffers injury. *See Farmer*, 511 U.S. at 828. To establish an Eighth Amendment claim of deliberate indifference, a plaintiff must allege facts sufficient to show "(1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995).

As mentioned above, however, claims of mere negligence are insufficient to support a constitutional claim. *See Daniels v. Williams*, 474 U.S. 327, (1986); *see also Davidson*, 474 U.S. at 344. Rather, constitutional claims require a showing of gross negligence or deliberate indifference. *See Taylor v. Ledbetter*, 818 F.2d 791 (11th Cir.1987); *see also Estelle*, 429 U.S. at 105-06 (inadvertent or negligent failure to provide adequate medical care "cannot be said to constitute 'an unnecessary and wanton infliction of pain.'").

7

Here, Plaintiff specifically alleges that the Defendants were "negligent." [ECF No. 7]. Plaintiff alleges that the Defendants failed to conduct a physical search of one fellow inmate. He also alleges that Officer Friday saw the attack and did not intervene. But these stand-alone allegations are simply insufficient to raise a constitutional claim. Plaintiff does not allege any facts related to a substantial risk of harm for which defendants were deliberately indifferent -- no matter in how favorable of a light they are construed. *See Twombly*, 550 U.S. at 555 (a plaintiff is obligated to provide "more than labels and conclusions"); *see also Daniels*, 474 U.S. at 328 (claims of negligence are insufficient to support a constitutional claim); *Estelle*, 429 U.S. at 107 ("matter[s] of medical judgment" do not give rise to a §1983 claim); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). Accordingly, the negligence claims against all Defendants should be **DISMISSED**.

### D.  Official Capacity Claims and Eleventh Amendment Immunity

Here, Plaintiff sues all Defendants *only* in their official capacities.  Naming a government official in his official capacity is the equivalent of naming the governmental entity itself. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985). A state official, however, may be sued in his official capacity when the suit alleges a constitutional violation by the official, acting in his official capacity and seeks only prospective injunctive relief. *See Grizzle v. Kemp*, 634 F.3d 1314, 1319 (11th Cir. 2011).

Plaintiff does not seek any injunctive relief. He seeks only money damages. As a result, the officers and MDCR are entitled to Eleventh Amendment immunity. The Eleventh Amendment to the United States Constitution grants immunity to States and entities acting as an "arm of the State" from suits brought by private citizens in federal court. *Powell v. Barrett*, 496 F.3d 1288, 1304 (11th Cir. 2007) (quotations omitted); *see also* U.S. Const. Amend XI. In determining whether a defendant acts as an "arm of the State," the Court examines four factors: "(1) how state

law defines the entity; (2) what degree of control the State maintains over the entity; (3) where the entity derives its funds; and (4) who is responsible for judgments against the entity." *Id*. at 1304.

Further, Florida's sovereign immunity extends to its agencies, subdivisions, or officers. *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *see also Fitzgerald v. McDaniel*, 833 F.2d 1516 (11th Cir. 1987). That "bar exists whether the relief sought is legal or equitable." *Papasan v. Allain*, 478 U.S. 265, 276 (1986).

The officers are employees of the Miami Pretrial Detention Center; and a suit against them in their official capacity is tantamount to asserting a suit against the government entity, the Florida Department of Corrections, in its official capacity, which is protected by the Eleventh Amendment bar and by sovereign immunity principles. Therefore, the official capacity claims against all Defendants should be **DISMISSED**.

### E.   Respondeat Superior Claims

Finally, it is well-settled that a plaintiff in a § 1983 action cannot rely upon the theory of *respondeat superior* to hold prisons liable. *See Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 692 (1978); *see also Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986).

A corporation acting under color of state law will only be held liable under Section 1983 for its own unconstitutional policies. *See Monell*, 436 U.S. at 690. The test is whether there exists a policy, custom or action by those who represent official policy which inflicts an injury actionable under § 1983. *See id*. at 694. A government entity does not incur § 1983 liability for injuries caused solely by its employees. *See id*. Nor does the fact that a plaintiff has suffered a deprivation of federal rights at the hands of an employee infer governmental culpability and causation. *Board of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997). Thus, to impose § 1983 liability on a government body, a plaintiff must show (1) that his constitutional rights were violated; (2) that the

entity had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation. *See City of Canton v. Harris*, 489 U.S. 378, 388 (1989).

Still, under the appropriate circumstances, even a single incident may give rise to municipal liability. *See Pembaur*, 475 U.S. at 480. But here, Plaintiff makes no allegations of any act, omission, or policy by MDCR whatsoever, let alone any sufficient enough to demonstrate his constitutional rights were violated, or that it had any custom or policy that constituted deliberate indifference that caused any violation. To this extent, the Amended Complaint is the quintessential shotgun pleading. Plaintiff simply extends his theory of liability to MDCR because it is the governmental organization that operates the pretrial detention center. This is impermissible. Accordingly, the claim against MDCR should be **DISMISSED**.

### III.     Recommendation

Thus, it is **RECOMMENDED** that the Amended Complaint [ECF No. 7] be **DISMISSED** with prejudice for failure to state a claim and that the case be **CLOSED** by the Clerk of Court.

Objections to this Report may be filed with the District Judge within fourteen days of receipt of a copy of the Report. Failure to do so will bar a *de novo* determination by the District Judge of anything in the Report and Recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *see also Thomas v. Arn*, 474 U.S. 140, 149 (1985).

**SIGNED** this 21st day of October, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc:     **Litorrence Allen**
        170131506
        Miami-Dade County-PDC

10

Pretrial Detention Center
Inmate Mail/Parcels
1321 NW 13th Street
Miami, FL 33125
*PRO SE*